UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MICHELLE BOURDELAIS,

    Plaintiff,

v.

PRINCE GEORGE'S COUNTY 7th
DISTRICT MD.,
JUDGE LAWRENCE HILL, JR., *Alleged
"Specially Assigned" Judge St. Mary's County
Circuit Court Md.*,
JOHN ROBERT DURNIAK,
JOE CARMEN CAPRISTO,
LONG & FOSTERS OF VIRGINIA and
TONY BOONE,

    Defendants.

Civil Action No. TDC-16-0754

**MEMORANDUM ORDER**

On March 15, 2016, Plaintiff Michelle Bourdelais filed a Notice of Removal along with a Motion for Leave to Proceed *in Forma Pauperis*. On March 29, 2016, Bourdelais filed an Amended Notice of Removal. Bourdelais asserts that she has removed various state court proceedings relating to Judge Lawrence V. Hill, Jr. of the Circuit Court for Prince George's County, Maryland to this Court pursuant to a variety of statutes, including 18 U.S.C. § 1346, 28 U.S.C. §§ 1441, 1443, 1446, and 42 U.S.C. §§ 1983, 1985, 1986. In addition, presently pending before the Court are Bourdelais's Motion to Shorten Time on Signing Summons, Motion to File Electronically, Motion for Clarification, and Motion to Include Supplemental Exhibits. Bourdelais has now paid the filing fee, thus rendering the pending Motion for Leave to Proceed *in Forma Pauperis* moot. For the reasons set forth below, the Court dismisses the case for lack of subject matter jurisdiction.

As a preliminary matter, although Bourdelais filed a document entitled "Notice of Removal," any such removal would be improper. Bourdelais has not filed the pleadings from the state court proceedings that she seeks to remove to this court. *See* 28 U.S.C. § 1446(a) (requiring filing with the notice of removal of "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action"). The only references to state court proceedings contained in her Amended Notice of Removal appear in certain attachments, which refer to two different cases: *Bourdelais v. Durniak*, No. 18-C-13-000260 (St. Mary's Cty. Cir. Ct. Feb. 22, 2013) and *Bourdelais v. Durniak*, No. C-02-FM-15-00480.[1] In addition, according to the Maryland Judiciary Case Search website, Bourdelais has sued Defendant John Durniak in three state court cases: *Bourdelais v. Durniak*, No. 6Q00061599 (St. Mary's Cty. Dist. Ct. Feb. 5, 2016); *Bourdelais v. Durniak*, No. C-02-FM-16-000411 (Anne Arundel Cty. Cir. Ct. Feb. 4, 2016); and *Bourdelais v. Durniak*, No. 18-C-13-000260 (St. Mary's Cty. Cir. Ct. Feb. 22, 2013). *See Maryland Judiciary Case Search*, Md. Courts, http://casesearch.courts.state.md.us/casesearch/. None of the state court electronic records indicate that any of these cases have been removed. *Id.* Finally, the fact that Bourdelais is a plaintiff in each of the cases she references in her Amended Notice of Removal indicates that removal of any of these cases would be improper, as only a defendant may remove an action brought in state court. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 1443. Therefore, the Court construes the Amended Notice of Removal as a new complaint.

---

[1] According to the Maryland Judiciary Case Search website, of which this Court takes judicial notice pursuant to Federal Rule of Evidence 201, *Bourdelais*, No. 18-C-13-000260, was transferred from the Circuit Court for Saint Mary's County to the Circuit Court for Prince George's County (Hill, J.) on December 17, 2015. *See Maryland Judiciary Case Search*, Md. Courts, http://casesearch.courts.state.md.us/casesearch/. *Bourdelais*, No. C-02-FM-15-00480, does not appear in *Maryland Judiciary Case Search*.

Regardless of whether Bourdelais's Amended Notice of Removal is construed as an improper removal of a state court proceeding or a new federal court complaint, this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine bars federal courts from reviewing state court judgments. *Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005). "[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994). If applicable, the *Rooker-Feldman* doctrine prevents the Court from exercising subject matter jurisdiction. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). The *Rooker-Feldman* doctrine bars consideration of "not only issues raised and decided in the state courts, but also issues that are inextricably intertwined with the issues that were before the state court" when "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Washington*, 407 F.3d at 279 (internal citations and quotation marks omitted).

In reviewing the Amended Notice of Removal, it is apparent that Bourdelais is challenging decisions of the Circuit Court for Prince George's County, Maryland involving custody and visitation proceedings and is seeking to have this court intervene in such matters. Throughout, she disputes the Circuit Court's legal conclusions, orders, and decisions to hold hearings. The relief Bourdelais seeks is "an injunction to prevent the Prince George's County Circuit Court from proceeding further." Pl.'s Am. Notice Removal at 10. Tellingly, Bourdelais asserts: "This matter is filed in Federal Court after all other remedy has been exhausted . . . ." *Id.* at 4. The federal courts, however, do not serve as a venue to which to appeal adverse state court decisions. *See Johnson*, 512 U.S. at 1005–06.

Finally, to the extent that Bourdelais asserts any arguably new federal claims, they are inextricably intertwined with the issues in her state court proceedings. *See Washington*, 407 F.3d at 279. Without explicitly setting forth facts in support of a federal cause of action, Bourdelais's Notice of Removal cites various federal statutes, *see* 42 U.S.C. §§ 1981–86; 28 U.S.C. § 1339 (postal matters); 28 U.S.C. § 1343 (civil rights and elective franchise), as bases for challenging the "prejudice[] and misconduct of the [Maryland] courts." Pl.'s Am. Notice Removal at 10. As described in Bourdelais's Amended Notice of Removal, however, such prejudice and misconduct arise from the legal conclusions and orders of the Circuit Court, such as its denial of Bourdelais's Motion to Quash, its issuance of a "supervised visitation order," its denial of Bourdelais's Motion to Stay Pending the Appeal, and its "sua sponte action compelling the Plaintiff to be in court on the 15th day of April." *Id.* at 2–3, 10. Any federal claim would therefore require this Court to review the state court's decisions. Under the *Rooker-Feldman* doctrine, Bourdelais cannot invoke 42 U.S.C. § 1983 or other federal statutes in order to require this Court to revisit and second-guess these orders issued by the Circuit Court.[2] Therefore, her Amended Notice of Removal must be dismissed for lack of subject matter jurisdiction.

---

[2] The Court notes that even if the *Rooker-Feldman* doctrine did not bar Bourdelais's claims, any claims against Judge Hill would be barred by absolute judicial immunity. A state judge is absolutely immune from § 1983 liability except when the judge acts 'in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating a broad immunity rule that a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . .").

4

Accordingly, it is hereby ORDERED that:

1. Bourdelais's Amended Notice of Removal, ECF No. 8, construed as a complaint, is DISMISSED.

2. Bourdelais's Motion for Leave to Proceed *in Forma Pauperis*, ECF No. 3, Motion to Shorten Time, ECF No. 6, Motion to File Electronically, ECF No. 11, Motion for Clarification, ECF No. 12, and Motion to Include Supplemental Exhibits, ECF No. 16, are DISMISSED AS MOOT.

3. The Clerk is directed to mail a copy of this Order to Bourdelais; the Clerk of the Circuit Court for Prince George's County, Maryland at 14735 Main St., Upper Marlboro, Maryland 20772; Joseph R. Laumann, Esquire at 1160 Spa Road, Suite 3C, Annapolis, Maryland; Joseph C. Capristo, Esquire at 23093 Three Notch Road, California, Maryland 20619; and Edmund O'Meally, Esquire at Pessin Katz Law, P.A., 901 Dulaney Valley Road, Suite 400, Towson, Maryland.

Date: May 16, 2016

THEODORE D. CHUANG  
United States District Judge